Martin C. Fliesler (State Bar No.: 073768)
Larry T. Harris (State Bar No.: 209044)
Michael L. Robbins (State Bar No.: 224087)
FLIESLER DUBB MEYER & LOVEJOY LLP
Four Embarcadero Center
Fourth Floor
San Francisco, California 94111
Telephone: (415) 362-3800
Facsimile: (415) 362-2928

Kirk W. Watkins (*pro hac vice*)
Michael A. Cicero (*pro hac vice*)
Serita M. Duhart (*pro hac vice*)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 872-7000
Facsimile: (404) 870-4836

Attorneys for Plaintiff KEY TRAK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEYTRAK, INC., <br><br>　　Plaintiff, <br><br>v. <br><br>KEY REGISTER, L.L.C., KEY REGISTER SYSTEMS, INC., and KEY MANAGEMENT, INC., <br><br>　　Defendants. | Civil Action No.: C-03-00870 WHA <br><br> [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. JAMES R. ADAMS |

Proposed Order Granting Plaintiff's Motion to Exclude Expert Testimony of Dr. James R. Adams
Case No.: C-03-00870 WHA

1  Before the Court is the motion of Plaintiff, KeyTrak, Inc. (hereinafter
2  "KeyTrak"), to exclude the expert testimony of Dr. James R. Adams.
3  Specifically, KeyTrak asks this Court to exclude the expert testimony of Dr.
4  James R. Adams in its entirety, including all testimony on obviousness and all testimony
5  on unenforceability. The Court finds, for good cause shown in the motion and supporting
6  memorandum, that the KeyTrak request is well grounded in fact and law and hereby
7  grants KeyTrak's Request.
8  The Court finds that Key Register has not included Dallas Semiconductor Note
9  104 ("Note 104") or Dallas Semiconductor Note 106 ("Note 106") in its Final Invalidity
10 Contentions and did not, prior to the filing of the motion by KeyTrak, request leave to
11 amend its Final Invalidity Contentions to add such references. Because Dr. Adams
12 testified that such references were necessary in combination with other references to
13 support his conclusion of obviousness, he cannot be permitted to testify on the
14 obviousness of the '379 Patent.
15 The Court finds that, under the local rules and the directions given by the Court in
16 this proceeding, Key Register is bound by the initial expert report of Dr. Adams and is
17 only permitted in its rebuttal report to offer evidence and opinions that constitute true
18 rebuttal. The Court finds that Dr. Adams' initial report failed to address issues such as
19 secondary considerations, differences between the prior art and the claims at issue,
20 delineations of references to be combined, and motivation for combining references and
21 that these failures cannot be cured by masking them as rebuttal in a rebuttal report. For
22 example, Dr. Adams sought in his rebuttal report (and by later amendment on January 22,
23 2004) to include an analysis in his Exhibit 7 that could only have appropriately been

- 2 -

included in his initial expert report. The Court is not inclined at this late date to allow Dr. Adams to present analysis necessary to form his initial opinion but not included in his initial report. The Court finds that inclusion of such information for the first time in a rebuttal report would prevent KeyTrak's expert from fairly commenting on Dr. Adams' analysis and to allow its post-discovery further amendment to Exhibit 7 would completely preclude KeyTrak from discovery on his additions. These activities are excluded by the local patent rules and the case management instructions given by this Court because they would allow belated, shifting positions to be taken in a patent suit that would either delay the proceedings or penalize the plaintiff by precluding fair opportunity to examine and respond to the changed position.

The Court is unimpressed with assertions by Key Register that Dr. Adams was unable to "determine the reasons that the Examiner rejected the original claims," in light of the production of the Office Action documents as Document Nos. KT-C-0006867-82 in this action in August 2003, five months before Dr. Adams' initial report was due.

The Court finds that Dr. Adams was, at most, qualified as an expert only on the subjects of microelectronics hardware and software, electrical engineering, hardware design, and memories. Therefore, Dr. Adams has not been qualified to offer opinions on the law, on examining procedures by the United States Patent and Trademark Office, or on how an examiner might characterize a specific reference in relation to the claims made by KeyTrak. The Court further notes that Dr. Adams has made inaccurate statements about the law and based his opinions, at least in part, on inaccurate interpretations of the law. In particular, the Court has noted misapplication of the law on secondary

- 3 -

considerations and materiality, and failure by Dr. Adams to consider relevant evidence of secondary considerations in formulating his opinions.

Finally, the Court notes further that Dr. Adams indicated in his deposition a need to reconsider his opinions in light of information he acknowledged that he had not considered. However, Dr. Adams had not, as of the filing of the motion by KeyTrak, sought leave to supplement his report to restate, revise, or reaffirm his opinions.

Under the circumstances and findings as recited in this Order, the Court finds that Dr. Adams should be excluded from testifying in this proceeding, and it is

SO ORDERED, this ____ day of February, 2004.

_____
HONORABLE WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

Proposed Order Granting Plaintiff's Motion to Exclude Expert Testimony of Dr. James R. Adams
Case No.: C-03-00870 WHA